[1]UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHERYL LEE WHITE** | **CASE NO.  3:23-CV-00985** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AMERICAN CREDIT ACCEPTANCE L L C** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before this Court is a Motion to Compel Arbitration and Dismiss [Doc. No. 8] filed by Defendant American Credit Acceptance, LLC ("American Credit").  No opposition has been filed.

For the reasons set forth herein, American Credit's Motion to Compel Arbitration and Dismiss is **GRANTED**.

**I.     BACKGROUND**

Plaintiff Sheryl Lee White ("White") purchased a 2020 Toyota Camry which was financed by American Credit.[2] The Retail Installment Sales Contract contains an arbitration clause.[3]  On July 24, 2023, White filed a Complaint[4] against American Credit. In White's Complaint, she alleged that her debt has been satisfied by a payment, that the agreement had illegal finance charges, that she was harassed, oppressed, and abused by the seizure of her vehicle, that American Credit engaged in unfair debt collection practices and failed to truthfully disclose the cost of credit, and that she is entitled to damages.

---

[1]

[2] [Doc. No. 8-2] Retail Installment Sale Contract
[3] [Doc. No. 8-2, p. 8]
[4] [Doc. No. 1]

In response to the Complaint, American Credit filed the instant Motion to Compel Arbitration and Dismiss alleging White's claims are required to be arbitrated in accordance with the arbitration clause. American Credit asks for arbitration to be ordered and this suit dismissed.

## II. LAW AND ANALYSIS

The pertinent arbitration clause in the Retail Installment Sale Contract reads:

**ARBITRATION PROVISION**

**PLEASE REVIEW–IMPORTANT–AFFECTS YOUR LEGAL RIGHTS**

**1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

\* \* \*

**Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action…**

\* \* \*

**…. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.**

The Federal Arbitration Act enacted a national policy favoring arbitration. Courts now resolve any doubts in favor of arbitration. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). Courts enforce arbitration if three factors are met: (1) the arbitration agreement is written; (2) the transaction involves interstate commerce; and (3) the arbitration agreement covers the claims. 9 U.S.C. § 2; *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996).

The first two factors are easily met. The arbitration clause is in writing, the transaction involves interstate commerce (car-buying), and the writing specifically states it is to be governed

by the FAA. *Jones v. Regions Bank*, 719 F. Supp. 2d 711, 714 (S.D. Miss. 2010), *Volt Information Sciences, Inc. v. Board of Trustees of Stanford University*, 489 U.S. 468, 478-79 (1989).

The arbitration clause covers White's claims. Due to the policy favoring arbitration in the FAA, any ambiguities as to the scope of the arbitration claims are resolved in favor of arbitration. *Id.* 489 at 476. The Arbitration Agreement signed by White covers any claim, whether in contract, tort or statute which arises out of or relates to the credit application, purchase, the contract, or any resulting transaction or relationship.[5]  All of White's claims against American Credit are based upon the Retail Installment Sale Contract, statute, and/or the transaction or relationship between them.

Additionally, the parties delegated the arbitrability to the arbitrator. *Petrofac, Inc. . DynMcDermott Petrol. Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012). Therefore, this Court finds  arbitration is required.

When all of the issues raised in the District Court must be submitted to arbitration, the weight of authority supports dismissal of the case. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). That is the case here. Therefore, White's suit should be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth herein, American Credit's Motion to Compel Arbitration and Dismiss is **GRANTED**, and this proceeding is **DISMISSED WITHOUT PREJUDICE**.

---

[5] [Doc. 8-2 p. 8]

MONROE, LOUISIANA, this 2nd day of November, 2023.

                                                  Terry A. Doughty
                                                  United States District Judge